Randolph M. Baltz, Little Rock, Ark., for appellant.

Jack Gillean, Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Sterling Williams appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas dismissing his application for writ of habeas corpus under 28 U.S.C. § 2254. For reversal appellant argues the district court erred in not finding his guilty pleas involuntary and his sentences in violation of the double jeopardy clause. We affirm the judgment of the district court.

In 1981 in state court, appellant entered pleas of guilty to two counts of theft and two counts of burglary. On the theft counts, concurrent ten-year sentences were suspended. On the burglary counts, concurrent five-year sentences were imposed.

**Sterling WILLIAMS, Appellant,**

v.

**A.L. LOCKHART, Director of Arkansas Department of Correction, Appellee.**

**No. 87–1555.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 19, 1987.

Decided Jan. 19, 1988.

---

1. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas, sitting by designation and the parties' consent pursuant to 28 U.S.C. § 636(c).

Appellant was paroled in 1982 to a detainer to face an additional charge of burglary. Prior to disposition of that charge, appellant escaped from the county jail and was charged with escape. Consequently, the state filed a petition to revoke his suspended ten-year sentence.

Pursuant to a plea agreement, appellant pled guilty in 1983 to the escape charge and to the allegations in the petition to revoke. The trial court granted the petition to revoke the suspended sentence and imposed the original sentence of ten years. In addition, the trial court sentenced appellant to a term of ten years for escape, and ordered that these sentences were to be consecutive "for an effective sentence of twenty years in the Arkansas Department of Corrections."

Appellant later challenged the escape conviction and the revocation of his suspended sentence through a petition for writ of error coram nobis. The state court construed the petition as a motion for postconviction relief and denied the motion. After appellant's petition for a writ of certiorari was denied by the Arkansas Supreme Court, he filed this habeas application in federal district court.

Appellant raised the same grounds in the state and federal courts: he did not "knowingly" plead guilty in 1983 because the trial court accepted his pleas without adhering to constitutional requirements and state procedural rules (such as informing him of the rights he would waive and of the maximum term possible from consecutive sentences); and he was placed in double jeopardy (i.e., punished twice for the same offense) because the trial court did not give him credit for time he had served when it "resentenced" him after revoking his suspended sentence.

The state court which reviewed these claims found that the record of the plea proceedings showed the trial court made an adequate inquiry and sufficiently advised appellant before accepting his pleas, and the pleas were voluntary; that the twenty-year sentence accorded with the plea agreement; and that the double-jeopardy allegations were without a factual basis.

The district court noted that a state court's factual findings are presumed correct under 28 U.S.C. § 2254(d) absent one of several specified factors or a determination that the findings are not fairly supported by the record. After carefully reviewing the record, particularly the 1981 sentencing order and the 1983 plea and sentencing transcript, we agree with the district court that appellant's claims have no basis in fact.

Accordingly, the judgment is affirmed on the basis of the district court's well-reasoned opinion. *See* 8th Cir.R. 14.