**Luther HALL, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 87–2440.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1988.

Decided Dec. 21, 1988.

---

**3.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

See also 276 Ark. 245, 634 S.W.2d 115.

David A. Couch, Little Rock, Ark., for appellant.

Lee Taylor Franke, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Luther Hall appeals from the order of the District Court dismissing his third 28 U.S.C. § 2254 petition for habeas corpus as a successive petition and an abuse of the writ, pursuant to Rule 9(b) of the Rules Governing § 2254 Proceedings. We remand for an evidentiary hearing and retain jurisdiction to consider the findings made on the remand.

Hall is imprisoned at the Cummins Unit of the Arkansas Department of Correction. He is serving a sentence of life without parole for two counts of capital felony murder, and a consecutive sentence of thirty years for one count of second-degree murder. This appeal concerns the latter conviction. Hall claims that it is constitutionally invalid because the prosecutor knowingly used perjured testimony against him.

The District Court dismissed this claim, holding that Hall was guilty of an abuse of the writ because he had failed to raise the claim in a previous petition. As the state now concedes, this holding was incorrect. Hall in fact did claim in his previous petition that the prosecutor had knowingly used perjured testimony. The claim, however, was not pressed after counsel was appointed for Hall, nor was it ever decided by the District Court.

These circumstances may amount to a deliberate abandonment by Hall of the claim he now urges. The burden is on him to establish that he has not abused the writ, that is, that he did not deliberately abandon the ground in question. This question is governed by the principles of deliberate bypass and inexcusable neglect. See *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

The record before us indicates that Hall was probably at least negligent in failing to press the knowing-use-of-perjured-testimony claim in his previous proceeding. We are not sufficiently certain of the matter, however, to affirm outright on the present state of the record. We deem it the part of prudence and discretion to remand for an evidentiary hearing, at which Hall will be given a chance to establish the reasons for his failing to press, in the previous habeas case, the claim he now asserts. We ask the District Court to hold an evidentiary hearing and make findings on this issue as promptly as practicable. These findings should then be certified back to this Court. This panel will retain jurisdiction in order to consider the findings when they have been received.

It is so ordered.