**Luther HALL, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.**

No. 87–2440.

United States Court of Appeals, Eighth Circuit.

Submitted April 5, 1990.

Decided June 19, 1990.

---

David A. Couch, Little Rock, Ark., for appellant.

Lee Taylor Franke, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

This is a petition for writ of habeas corpus brought by Luther Hall, a prisoner in state custody. This is Hall's second petition challenging his conviction for capital felony murder in 1981. When this case was last before us, we determined that the State's defense of abuse of the writ required a remand to the District Court for further findings. Hall seeks to raise in this petition a ground—knowing use of perjured testimony—that he alleged in his first petition but did not press at the evidentiary hearing on that petition. In *Hall v. Lockhart*, 863 F.2d 609 (8th Cir.1988), we remanded to the District Court with instructions to hold a hearing to determine whether Hall had deliberately withheld the ground in question at the time of the first habeas petition. The District Court[1] found as a fact that Hall had deliberately withheld the perjured-testimony claim. It therefore dismissed this second petition as an abuse of the writ. The District Court's findings are amply supported by the record, and we affirm.

Hall is serving a sentence of life without parole for two counts of capital felony mur-der, and a consecutive sentence of thirty years for one count of second degree murder. This appeal concerns the first conviction.[2] A man named Charles Moorman testified at that trial, and Moorman now swears he testified falsely. Hall now claims that the prosecutor knew Moorman's testimony was false, but used it anyway. A version of this allegation appeared during Hall's first (pro se) habeas petition—not in the petition proper, but in the memorandum supporting the four grounds of relief initially urged. After counsel was appointed for Hall, no one mentioned or argued this point in the evidentiary hearing.

The District Court held that Hall had abandoned his knowing-use-of-false-testimony claim, and resurrecting it now would abuse the writ. We were not sufficiently certain of the matter to affirm on that record. We therefore remanded for a hearing where Hall could "establish his reasons for failing to press, in the previous habeas case, the claim he now asserts." *Hall v. Lockhart*, 863 F.2d at 610.

Hall has failed to establish any legally relevant reason for failing to urge the prosecutor's alleged knowing use of false testimony in his earlier habeas action. Hall argues that this claim was never abandoned, because he never intended to abandon any possible ground for relief. That argument is not borne out by the facts. The record instead casts doubt on whether Hall ever intended to offer the prosecutor's conduct as a separate ground for relief. And it reveals that even if the claim was raised, it was abandoned when not pursued at the appropriate time.

The allegations of Moorman's false testimony have been a part of petitioner's collateral attack from the outset. However, those allegations, as the District Court found on remand, have always been in the context of Hall's claim of ineffective assistance of his trial counsel. Throughout

---

1. The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, acting on the recommendation of the Honorable John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas.

2. We erred in our opinion remanding this case in noting that Hall challenged his *second* conviction in this latest petition. We are indebted to the Magistrate for pointing out this mistake.

Hall's extensive testimony at his initial habeas hearing, he never mentioned the prosecutor's alleged knowing use of false testimony. The thrust of Hall's testimony was his trial counsel's allegedly ineffective cross examination of Moorman. As the District Court noted, Moorman was present outside that hearing and prepared to testify—but only as to the falsity of his initial testimony, not to the prosecutor's knowing participation in that falsity. It was only after his ineffectiveness claim was rejected, and his case was on appeal, that Hall attempted to refine his contention by involving the prosecutor in Moorman's false testimony. We declined to consider that allegation then because the question of the prosecutor's knowledge had not been presented to the District Court, *Hall v. Lockhart*, 806 F.2d 165, 167 (8th Cir.1986). We decline to consider that claim now because it is too late to present it to any federal court.

Successive petitions abuse the writ of habeas corpus where no legally recognizable reason exists for failing to raise the new claim in a previous petition. Rule 9(b). As the District Court concluded, though this issue was alluded to by the petitioner, he abandoned any claim he arguably had by failing to raise or press the point at the full-dress hearing on his initial petition. Given his earlier opportunity, considering the claim now would abuse the writ. *Smith v. Armontrout*, 888 F.2d 530 (8th Cir.1989). Nor has Mr. Hall argued that he falls within any of the recognized exceptions that allow us to reach otherwise abusive claims. *Smith*, 888 F.2d at 541.

The District Court's order dismissing this petition is affirmed.