**Chester CORNMAN, Appellant,**

v.

**Bill ARMONTROUT, Warden, Missouri State Penitentiary, William L. Webster, Attorney General of the State of Missouri, Appellees.**

**No. 91–1718.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1991.

Decided March 24, 1992.

Richard Armitage, Kansas City, Mo., argued, for appellant.

Steven Hawke, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellees.

Before BOWMAN and BEAM, Circuit Judges, and VAN SICKLE,[*] District Judge.

BOWMAN, Circuit Judge.

Petitioner Chester Cornman appeals from the denial by the District Court[1] of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988). We affirm.

On May 12, 1982, Cornman was convicted by a jury in Texas County, Missouri, of felonious assault in the first degree and conspiracy to commit capital murder. He received a ten-year sentence on the conspiracy count and a consecutive thirty-year sentence on the assault count. His convictions were affirmed by the Supreme Court of Missouri.[2]

In 1986 Cornman filed his first federal habeas petition. That petition was denied on its merits. He next filed a motion under Rule 29.15 of Missouri's Supreme Court Rules, requesting state post-conviction relief. In that motion he charged that his trial counsel was ineffective in that he failed to interview known alibi and identification witnesses and failed to make timely objections to the introduction of allegedly inadmissible and prejudicial evidence at trial. *See* Designated Record on Appeal at 34 (*Cornman v. Armontrout*, No. 90–3175–CV–S–4 (W.D.Mo. filed Jan. 30, 1991) [hereinafter Designated Record] (Petitioner's Traverse to Respondent's Response to Order to Show Cause Why a Writ of Habeas Corpus Should not be Granted at 3)). After an evidentiary hearing, the Circuit Court of Texas County, Missouri, denied the motion. The Missouri Court of Appeals affirmed. *Cornman v. State*, 779 S.W.2d 17, 21 (Mo.Ct.App.1989).

In April 1990, Cornman filed his second habeas corpus petition in the District Court. In this petition, as in his 29.15 motion, he alleged that his trial counsel was constitutionally deficient because he failed to investigate or interview alibi witnesses and because he failed to object to the admission of two alleged hearsay statements. However, he made neither of these arguments (hereinafter the "omitted claims") in his original habeas petition.[3] Respondents noted this fact and urged the District Court to dismiss the petition as abusive. This the District Court declined to do, but it did deny the petition on its merits. Cornman appeals from that decision, reasserting his claims that his counsel was constitutionally deficient. We do not reach the merits of these claims, however, as we find that Cornman's petition constitutes an abuse of the writ.

A federal court may not address the merits of a state prisoner's habeas petition if the petition is premised upon a claim that constitutes an abuse of the writ. *McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). A prisoner abuses the writ of habeas corpus by attempting to assert "grounds for relief ... [that] were available but not relied [upon] in an earlier [habeas] petition." *Olds v. Armontrout*, 919 F.2d 1331, 1332 (8th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct.

---

[*] The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

[1] The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

[2] *State v. Cornman*, 695 S.W.2d 443, 450 (Mo. 1985) (en banc). For a detailed discussion of Cornman's crimes, *see id.* at 445.

[3] In his first habeas petition Cornman alleged that:

(1) the trial court erred in admitting a tape-recorded conversation between William Stoney and Michael Carney because there was insufficient evidence that [Cornman] was involved in the conspiracy; (2) Mo.Rev.Stat. § 564.106.7 bars conviction and sentencing for both the conspiracy to murder one person

and the assault on another person who was shot mistakenly; (3) the trial court erred in admitting the tape-recording because the conspiracy had been terminated before the conversation occurred; (4) [Cornman's] convictions for both conspiracy to commit murder and first degree assault violates the constitutional prohibition against double jeopardy; and (5) the trial court erred by submitting a verdict director on the conspiracy count which failed to require a finding that [Cornman] had acted with a culpable mental state. Designated Record at 33–34 (*Cornman v. Armontrout*, No. 90–3175–CV–S–4 (W.D.Mo. filed Jan. 30, 1991) (Petitioner's Traverse to Respondent's Response to Order to Show Cause Why a Writ of Habeas Corpus Should not be Granted at 2–3)).

1692, 114 L.Ed.2d 86 (1991); *see also Smith v. Armontrout,* 888 F.2d 530, 541 (8th Cir.1989); *Hall v. Lockhart,* 863 F.2d 609, 610 (8th Cir.1988), *appeal decided,* 905 F.2d 1197 (8th Cir.1990).[4] The burden is on the government to plead abuse of the writ. *McCleskey,* 111 S.Ct. at 1470. This burden is satisfied if the government "notes [with clarity and particularity the] petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that [the] petitioner has abused the writ." *Id.* Once the government satisfies this requirement, the burden shifts to the petitioner to show cause for failing to include the delinquent claims in the earlier writ and also to show actual prejudice resulting from the newly alleged errors. *See id.* But even "[i]f [the] petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.*

Here there is no dispute that respondent adequately has pled abuse of the writ, both in the District Court and in this appeal. *See* Appellee's Br. at 6; Designated Record at 23 (Respondent's Response to Order to Show Cause Why a Writ of Habeas Corpus Should not be Granted at 4). Thus, unless a fundamental miscarriage of justice otherwise results, Cornman is entitled to a hearing on the merits of his petition only if he can show cause for failing to raise the omitted claims in his first federal habeas petition and actual prejudice resulting from the grounds asserted in the omitted claims. Cornman attempts to establish cause by arguing that: (1) he did not withhold known claims from his first habeas petition deliberately; (2) Melvin Tyler, the inmate law clerk who assisted Cornman in filing his first habeas petition, did not tell Cornman that he had to include all known grounds in his first petition; (3) at the time he filed his first habeas petition, he was not aware that he had any other claims; (4) respondent's response to the first habeas petition did not state that Cornman must raise all known grounds in his first habeas petition; (5) Cornman did not know that he had to raise all known grounds in his first petition; (6) he has had no formal legal training and has below-average intelligence; and (7) the grounds he is raising now had not been exhausted at the time he filed his first habeas petition. These allegations are insufficient to establish cause.

■ "The requirement of cause in the abuse of the writ context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." *McCleskey,* 111 S.Ct. at 1472. To satisfy this requirement, a petitioner must show that "some objective factor *external to the defense* impeded counsel's efforts," *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (emphasis added) (addressing cause for procedural default), to raise the claim in the earlier habeas petition. *See McCleskey,* 111 S.Ct. at 1470 (equating cause and prejudice analysis in context of procedural default and abuse of the writ). This requirement is not lessened by the fact that the petitioner may possess below-average intelligence, have no formal legal training, or have filed the initial habeas petition pro se. *See id.* (same); *Vasquez v. Lockhart,* 867 F.2d 1056, 1058 (8th Cir.1988) (pro se status and lack of familiarity with American court system are not sufficient cause to excuse procedural default), *cert. denied,* 490 U.S. 1100, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989); *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir.1988) (pro se status and limited educational background do not constitute cause excusing procedural default).

■ After reviewing Cornman's allegations of cause, we conclude that none of them, even assuming *arguendo* they are all true, shows that an "objective factor *external to the defense,*" *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645 (emphasis added), impeded his efforts to raise his current

---

**4.** This is true "regardless of whether the failure to raise [the belated grounds] stemmed from a deliberate choice" or from "inexcusable neglect." *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 1468, 113 L.Ed.2d 517 (1991).

grounds in his first habeas petition.[5] As to his claim regarding inadequate assistance by Melvin Tyler, there is yet a further reason why it must fail. Even if Tyler did fail to advise Cornman about the need to state all of his grounds for relief in the original habeas petition, such a claim does not establish cause. Cornman had no constitutional right to the effective assistance of counsel in filing his first habeas petition, *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) (no right to counsel after first appeal of right), and he certainly had no constitutional right to the effective assistance of an inmate law clerk. Consequently, assuming Tyler provided Cornman with ineffective assistance, this ineffective assistance cannot constitute cause. *Cf. Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2567, 115 L.Ed.2d 640 (1991) ("counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation."). We therefore conclude that Cornman has failed to show cause for failing to present the omitted claims in his original habeas petition, and we thus do not reach the issue of prejudice.

Despite Cornman's inability to show cause, his failure to raise the omitted claims in his earlier petition could be ex-cused if he could show that the failure to consider these claims would result in a fundamental miscarriage of justice.[6] *See McCleskey* 111 S.Ct. at 1470; *Henderson v. Sargent,* 926 F.2d 706, 713 (8th Cir.) (quoting *Murray,* 477 U.S. at 498, 106 S.Ct. at 2650),[7] *partially vacated on other grounds,* 939 F.2d 586 (8th Cir.1991), *and cert. denied,* —— U.S. ——, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992). This exception applies only in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey,* 111 S.Ct. at 1470; *see also Murray,* 477 U.S. at 496, 106 S.Ct. at 2649 ("where a constitutional violation has probably resulted in the conviction of one who is *actually innocent,* a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." (emphasis added)); *Henderson,* 926 F.2d at 713 (quoting *Murray,* 477 U.S. at 498, 106 S.Ct. at 2650).[8] To make such a showing, a petitioner must do more than merely "call into question the reliability of an adjudication of legal guilt." *Murray,* 477 U.S. at 495, 106 S.Ct. at 2649. The petitioner also

must "show a fair probability that, in light of all the evidence, *including that*

---

**5.** In fact, most of Cornman's allegations of cause are transparently frivolous. For example, he now claims in his third allegation, and implies in his first, that he was not aware of his omitted claims at the time he filed his first habeas petition. Yet he testified at his Rule 29.15 hearing that he had informed his trial counsel of his alibi witnesses before trial. *See* Appellant's Br. at 5. Moreover, in his second, fourth, fifth, and sixth allegations, Cornman asserts or implies that he did not know that he had to include his omitted grounds in his first habeas petition. Yet, the form that Cornman used to file his first habeas petition contains the following admonitions:

> State *concisely* every ground on which you claim that you are being held unlawfully.
> ....
> CAUTION: ... *If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.*
> ....
> ... *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

*Cornman v. Armontrout,* No. 86–0589–CV–W–8–P (W.D.Mo. filed May 6, 1986) (Cornman's First Habeas Petition at 4–5) (emphasis in original).

**6.** The burden is on the petitioner to establish the *fundamental miscarriage of justice* exception to the cause and prejudice test. *See McCleskey,* 111 S.Ct. at 1470 ("If [the] petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused *if he or she can show* that a fundamental miscarriage of justice would result from a failure to entertain the claim." (emphasis added)).

**7.** The citation to *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) in *Henderson v. Sargent,* 926 F.2d 706, 713 (8th Cir.) (quoting *Murray,* 477 U.S. at 498), *partially vacated on other grounds,* 939 F.2d 586 (8th Cir.1991), *and cert. denied,* —— U.S. ——, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992), appears to contain a typographical error. The correct citation is probably to *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649.

**8.** *See supra* note 7.

*alleged to have been illegally admitted* (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt."

*Kuhlmann v. Wilson,* 477 U.S. 436, 455 n. 17, 106 S.Ct. 2616, 2627 n. 17, 91 L.Ed.2d 364 (1986) (plurality) (emphasis added) (quoting Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142, 160 (1970) (footnote omitted)); *see also Gullett v. Armontrout,* 894 F.2d 308, 310 (8th Cir.), *cert. denied,* 495 U.S. 950, 110 S.Ct. 2213, 109 L.Ed.2d 539 (1990) (applying plurality opinion in *Kuhlmann* ).

Cornman has not met this stringent requirement. Here, the only " 'evidence ... claimed to have been wrongly excluded,' " *Kuhlmann,* 477 U.S. at 455 n. 17, 106 S.Ct. at 2627 n. 17 (quoting Friendly, *supra,* at 160), is the testimony of Cornman's sisters, his girl-friend, and the boy-friend of one of his sisters that Cornman was at home when the shooting occurred and that he did not fit the description of a person known to be involved in the shooting. The Missouri post-conviction court, which was able to "observe[ ] the demeanor of the[se] witnesses ... found their testimony was not credible." [9] Designated Record at 45 (Order Denying Cornman's Second Petition for Writ of Habeas Corpus at 4). Such a finding is entitled to substantial deference. *See* 28 U.S.C. § 2254(d) (1988); *see also Williams v. Lockhart,* 837 F.2d 324, 325 (8th Cir.1988) (per curiam). Moreover, the only evidence " 'alleged to have been illegally admitted,' " *Kuhlmann,* 477 U.S. at 455 n. 17, 106 S.Ct. at 2627 n. 17 (quoting Friendly, *supra,* at 160), is the alleged hearsay testimony that Cornman contends prejudiced his trial. Clearly, consideration of this testimony is of no benefit to Cornman under the actual innocence standard established by *Kuhlmann.* We conclude, therefore, that failing to consider Corn-

man's omitted claims would not result in a fundamental miscarriage of justice.

For the reasons stated above, we hold that this successive habeas petition constitutes an abuse of the writ. On that ground the District Court's denial of Cornman's petition is affirmed.

---

**9.** This finding, although not expressly stated by the post-conviction court, is implicit in its holding. *See* Legal File at 41, 43 (*Cornman v. State,* No. CV888–2CC (Mo.Ct.App. Nov. 28, 1988) (Respondent's Suggested Findings of Fact and Conclusions of Law at 4 and Court's Order)).