978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Virginia M. SMITH, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 92-1567.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 3, 1992.
Filed: November 6, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Virginia Smith, a state prisoner, appeals from the district court's[1] order to dismiss her petition filed under 28 U.S.C. § 2254. We affirm.
 
 
 2
 This is Smith's third federal habeas petition. In 1983, Smith was convicted in Arkansas of first degree murder and was sentenced to life imprisonment. On direct appeal, trial counsel filed a no-merit brief under Anders v. California, 386 U.S. 738 (1967). The Arkansas Supreme Court affirmed her conviction. Smith v. State, 669 S.W.2d 201, 205 (Ark. 1984) (per curiam). In a subsequent unpublished opinion, the Arkansas Supreme Court also denied Smith permission to pursue state postconviction relief. The federal courts later denied Smith habeas relief in two petitions she filed under section 2254. Smith filed this third petition in October 1990. The state moved to dismiss the petition as successive and an abuse of the writ. In her court-ordered response, Smith added a claim-the subject of this appeal-that trial counsel had failed to adequately prepare an appellate brief covering all appealable points.
 
 
 3
 The magistrate judge incorporated this ineffective-assistance claim in Smith's petition, but rejected it (as well as the remaining claims which are not at issue here). The magistrate judge observed that although Smith had never raised this claim before, the state and federal courts had rejected her postconviction claims of general ineffectiveness of trial counsel, who also represented her on appeal. The magistrate judge stated further that Smith had not shown a need to reconsider the merits of the claim and she had not made a colorable showing of factual innocence. The district court adopted the magistrate judge's recommendation over Smith's objections and denied relief.
 
 
 4
 We agree with the state that Smith's claim is an abuse of the writ and should not be entertained. "A federal court may not address the merits of a state prisoner's habeas petition if the petition is premised upon a claim that constitutes an abuse of the writ." Cornman v. Armontrout, 959 F.2d 727, 728 (8th Cir. 1992) (en banc) (citing McCleskey v. Zant, 111 S. Ct. 1454, 1472 (1991). When a prisoner tries to assert grounds for relief that were available but not relied on in an earlier petition, an abuse of the writ occurs. Cornman, 959 F.2d at 728.
 
 
 5
 Smith nonetheless argues here, as she did below, that she did not abuse the writ because she did not receive a copy of counsel's Anders brief until several years after her conviction was affirmed. She argues she was thus ignorant of the issues counsel had presented when she filed her prior habeas petitions, and she asks to be allowed to prove she did not receive the brief and to establish the length of the delay. "Cause" is the same in the contexts of procedural default and abuse of the writ: the petitioner must show that an objective factor external to the defense impeded efforts to raise the claim earlier. McCleskey, 111 S. Ct. at 1470. The external impediment must have prevented the claim from being raised or constructed. Id. at 1472.
 
 
 6
 Even assuming Smith did not receive the Anders brief, she could have discovered and asserted the ineffective-assistance-of-appellate counsel claim in her first habeas petition. The Arkansas Supreme Court opinion affirming her conviction stated that counsel had filed an Anders brief to which Smith had not replied, and also revealed which claims were considered, including the evidentiary claim that Smith argues counsel should have raised. See id. at 1472 (if what petitioner knows or could discover upon reasonable investigation would support claim for relief in a federal habeas petition, what petitioner does not know is irrelevant). It is thus unnecessary to determine whether Smith also established prejudice. See id. at 1474. Smith has not attempted to show on appeal that failure to consider her claim would result in a fundamental miscarriage of justice, which would allow the federal courts to overlook her failure to earlier assert the claim. See id. at 1470.[2]
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE STEPHEN M. REASONER, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of The HONORABLE JERRY W. CAVANEAU, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 We would, in any event, reject such a claim in light of the evidence supporting Smith's conviction. See McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992) (new test under Sawyer v. Whitley, 112 S. Ct. 2514 (1992), for determining probable actual innocence applies to habeas challenges to conviction as well as death sentence)