986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Fred HENDRICKSON, Appellant,
v.
LYON COUNTY MINNESOTA SHERIFF; Attorney General of the State
of Minnesota, Appellees.
 No. 92-1858.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 18, 1992.
Filed: February 3, 1993.
 
 Before JOHN R. GIBSON, BEAM, MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Fred Hendrickson, former South Dakota assistant attorney general and a parolee, appeals the district court's[1] order dismissing his second 28 U.S.C. § 2254 petition for habeas corpus relief. We affirm.
 
 
 2
 Hendrickson participated in a business venture to market Jerusalem artichokes. Eventually, he was charged in Minnesota with conspiracy to commit theft by swindle (Count I) and theft by swindle (Count II). He was convicted of Count II only; his conviction was affirmed. In February 1990 he filed his first habeas petition, which the district court dismissed on the merits.
 
 
 3
 Hendrickson filed his second habeas petition in January 1991, alleging that "discovery particulars" filed by the prosecutor revealed the state changed Count II from theft by swindle of money to theft by swindle of seed. He argued, inter alia, that-like his co-defendant L. Kramer-he should have his conviction for theft of seed overturned for insufficiency of the evidence and lack of jurisdiction.
 
 
 4
 The district court dismissed Hendrickson's second habeas petition as an abuse of the writ, concluding that it raised essentially the same grounds as his first petition, except that it also cited State v. Kramer, 441 N.W.2d 502 (Minn. Ct. App. 1989). On appeal, Hendrickson reasserts the claims he made below and argues for the first time that prosecutors constructively amended the complaint by changing not only the property taken (from money to seed), but also the crime charged (from theft by swindle to simple theft).
 
 
 5
 We conclude that Hendrickson's claim that he was charged with theft by swindle of money and convicted of theft by swindle of seed was successive and properly dismissed under Rule 9(b) of the Rules Governing Section 2254 Cases. His other claims constitute abuse of the writ because they could have been but were not raised in his first petition. See Cornman v. Armontrout, 959 F.2d 727, 728 (8th Cir. 1992). Although Hendrickson cites the Kramer opinion as a new factor, it was decided in June 1989 before Hendrickson brought his first petition. Moreover, he has not shown cause and prejudice, or a fundamental miscarriage of justice, to excuse his abuse of the writ. See Cornman, 959 F.2d at 729.
 
 
 6
 Hendrickson's argument regarding the change in the charge from theft by swindle to simple theft is not properly before this court. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota