991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Daniel P. ISLAND, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 92-3274.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 18, 1993.
Filed: April 12, 1993.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Daniel P. Island, a federal prisoner, appeals from the district court's[1] denial of his second 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 Island pleaded guilty to conspiring to distribute methamphetamine, 21 U.S.C. §§ 841 and 846, pursuant to a plea agreement in 1988. At the plea hearing, the district court erroneously informed Island that the maximum fine was $250,000, when in effect it was $125,000. The district court sentenced Island to fifteen years imprisonment and imposed a $175,000 fine.
 
 
 3
 The district court denied Island's first section 2255 motion, in which Island, pro se, had argued that the court improperly imposed his sentence on a mechanical basis, and that he was entitled to be resentenced before a different judge. The district court subsequently granted Island's motion to correct an illegal sentence under Federal Rule of Civil Procedure 35(a) and reduced the fine to $125,000. The district court, however, denied Island's motion to remit the unpaid balance. This court affirmed, concluding the fifteen-year sentence and $125,000 fine were warranted in light of the seriousness of the offense, Island's prolonged fugitive status, and his refusal to cooperate; the sentence was not imposed on a mechanical basis; and the district court adequately considered the factors listed in 18 U.S.C. § 3622(a)(1). Island v. United States, Nos. 91-2428, 91-3291, slip op. at 3-5 (8th Cir. Apr. 8, 1992) (unpublished per curiam).
 
 
 4
 In this second section 2255 motion, Island argued that the district court violated Federal Rule of Criminal Procedure 11(c)(1), and that it should have resentenced him anew (when it deemed his original sentence was illegal) instead of mechanically reducing his fine to the maximum allowed under the statute. Island also sought a remand because the district court imposed a proportionately higher sentence on resentencing without explaining its reasons. The district court summarily denied Island's motion.
 
 
 5
 We conclude that Island's second motion is abusive. The government satisfied its burden of asserting Island's motion is abusive when it set out Island's prior writ history, argued that Island "should have made this argument in his first motion for habeas corpus," and requested dismissal pursuant to Rule 9(b) of the Rules of Governing Section 2255 Proceedings. See McCleskey v. Zant, 111 S. Ct. 1454, 1470 (1991); Andiarena v. United States, 967 F.2d 715, 717 (1st Cir. 1992) (per curiam) (McCleskey standard applies to section 2255 proceedings). Island did not raise any of the present claims in his first section 2255 motion, and he has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his failure to include his new claims in the earlier motion. Island's pro se status and lack of legal training are not sufficient cause to excuse abusiveness. See Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). The fact that Island only recently formulated his new arguments is also insufficient cause because he has not shown that " 'some objective factor external to the defense impeded [his] efforts,' to raise the claim in the earlier" motion. Id. (quoted case omitted).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota