27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Thomas R. SAGE, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-1345.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 21, 1994.
Filed: June 24, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas R. Sage appeals from the District Court's[1] order denying as abusive of the writ his 28 U.S.C. Sec. 2255 motion to vacate his sentence. We affirm.
 
 
 2
 In 1985, Sage pleaded guilty to drug charges and received a pre-Guidelines sentence of twenty-eight years imprisonment and a $145,000 fine. Sage did not file a direct appeal. He subsequently filed four motions under former Rule 35(a) and (b) of the Federal Rules of Criminal Procedure, and nine section 2255 motions or habeas corpus petitions; he did not appeal the denials or dismissals of any of the motions.
 
 
 3
 Sage filed this section 2255 motion, alleging (1) that he was denied effective assistance of counsel when his counsel failed to file a direct appeal of his sentence, and (2) that his conviction was obtained by a coerced confession. The government responded that the motion was barred as an abuse of the writ, and that Sage had shown neither cause and prejudice to excuse the failure to raise the claims earlier nor a miscarriage of justice. The District Court denied the motion as an abuse of the writ.
 
 
 4
 "A prisoner abuses the writ by attempting to assert 'grounds for relief ... [that] were available but not relied [upon] in an earlier [habeas] petition.' " Overstreet v. Caspari, 998 F.2d 636, 637 (8th Cir.) (per curiam) (quoted case omitted), cert. denied, 114 S. Ct. 479 (1993). Because the government properly raised the abuse-of-the-writ issue, Sage's motion must be dismissed unless he establishes cause and prejudice, or a fundamental miscarriage of justice. See McCleskey v. Zant, 499 S. Ct. 467, 493-94 (1991); United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1993) (same standards apply to Sec. 2254 petitions and Sec. 2255 motions). The cause requirement is satisfied if Sage can show some objective external factor hindered his efforts. See Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). Sage made no such showing. Nor did Sage assert he was actually innocent, and thus he did not show a fundamental miscarriage of justice would result from a failure to entertain the claims. See id. at 730.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa