Darryl V. RICHLEY, Petitioner,

v.

Larry NORRIS, Director of the Arkansas Department of Correction, Respondent.

No. PB–C–94–410.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

July 27, 1994.

Mark S. Cambiano, Cambiano Law Firm, Morrilton, AR, for Darryl V. Richley.

Olan W. Reeves, Atty. Gen.'s Office, Little Rock, AR, for Larry Norris.

### MEMORANDUM OPINION AND ORDER

HENRY WOODS, District Judge.

Petitioner, Darryl V. Richley, has filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. For the reasons that follow, the petition is dismissed.

In their submissions, the parties have provided the Court with an exhaustive outline of the history of this case. It is therefore unnecessary for the Court to repeat that history. The Court should note, though, that petitioner is presently scheduled to be executed on August 3, 1994.

As a preliminary matter, petitioner has apparently exhausted his available state remedies. He can not litigate the claims at bar in an Arkansas state court. *See Wayne v. White,* 735 F.2d 324, 325 (8th Cir.1984) (when no state remedy is available, failure to exhaust is not a bar to a habeas corpus proceeding).

Petitioner has alleged four claims in this petition. They are: (1) the prosecutor failed to disclose that the victim's wife and daughter had been hypnotized prior to trial, (2) petitioner's right to "individualized, discretionary sentencing procedures" was violated as were his rights to due process, equal protection, and effective assistance of counsel because he has been "represented jointly throughout the entire process," (3) he was denied due process when the state Supreme Court did not conduct a search of the record for errors not raised on appeal and did not

conduct a comparative review of his sentence, and (4) the instructions given in capital cases in the State of Arkansas are unconstitutional because they do not address the question of parole ineligibility. Respondent first alleges that this petition constitutes an abuse of the writ because it contains two claims which are being raised for the first time in this proceeding, *i.e.*, claims three and four.

The Court has reviewed petitioner's first petition and finds that claims three and four were not raised in that petition. The Court is satisfied that these claims were available to him during the trial and appeal of his conviction and sentence. In addition, the Court is satisfied that these claims were available to him on the day he filed his first petition in federal court. Respondent's assertion of abuse of the writ is therefore not without merit. The Court must determine whether petitioner's failure to raise the two claims in his first petition constitutes an abuse of the writ and bars the Court from considering them.

 "The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second ... petition for ... writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470, 111 S.Ct. 1454, 1457, 113 L.Ed.2d 517 (1991). Typically, it is invoked when a claim is asserted in a second petition but the claim was available at the time of the first petition. *Gilmore v. Delo*, 908 F.2d 385, 387 (8th Cir.), *cert. denied*, 497 U.S. 1049, 111 S.Ct. 20, 111 L.Ed.2d 828 (1990). *See also Cornman v. Armontrout*, 959 F.2d 727 (8th Cir.1992); *Olds v. Armontrout*, 919 F.2d 1331 (8th Cir.1990), *cert. denied*, 500 U.S. 908, 111 S.Ct. 1692, 114 L.Ed.2d 86 (1991). If abuse of the writ is asserted by respondent, *McCleskey* requires the federal court to utilize the following analysis:

> [T]he government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that prisoner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

*McCleskey v. Zant*, 499 U.S. at 494, 111 S.Ct. at 1470.

Respondent has outlined petitioner's prior writ history with clarity and particularity. Respondent has also identified the new claims and has alleged that petitioner has abused the writ. Given these representations, the burden shifts to petitioner to establish that he did not abuse the writ. He meets this burden by showing cause and prejudice. *If he is unable to show cause and prejudice, his failure to raise the new claims will nevertheless be excused if he can show that a fundamental miscarriage of justice will result from a failure to entertain the claims.*

Petitioner has not attempted to show cause or prejudice for failing to raise claims three and four in his earlier petition but has instead, anticipating respondent's contention, alleged that a fundamental miscarriage of justice will result if the claims are not addressed. Specifically, he alleges:

> 14. Petitioner claims actual innocence and asserts that it would be a miscarriage of justice to execute him pending resolution of these issues. On this basis, there is no abuse of the writ under *McClesky [McCleskey] v. Zant*, ... and *Duggar v. Adams*, [489 U.S. 401, 109 S.Ct. 1211, 103 L.Ed.2d 435,] ... by the filing of this second petition.

> 15. The issues raised herein also question petitioner's eligibility for the death penalty and further question the accuracy of the jury's decision of whether to impose death. This would qualify under the "fundamental miscarriage of justice" exception

to the prohibition against successor habeas actions. *Kuhlmann v. Wilson*, [477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364,] ... On that basis, grounds exist[ ] for the granting of a stay of execution pending resolution of the issues herein, even if there were no claim of "actual innocence" under *McClesky* [*McCleskey*], ...

Petition at 3.

■ The fundamental miscarriage of justice exception applies "only in 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Cornman v. Armontrout*, 959 F.2d at 730 [citations omitted]. The court in *Cornman* further explained that:

> To make such a showing, a petitioner must do more than merely "call into question the reliability of an adjudication of legal guilt." [Citation omitted]. The petitioner also
>
>> must "show a fair probability that, in light of all the evidence, *including that alleged to have been illegally admitted* (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilty."

*Cornman v. Armontrout*, 959 F.2d at 730–31 [other citations omitted] [emphasis added by *Cornman* court].

■ Petitioner is simply unable to carry this heavy burden. The evidence of his guilt is considerable, if not overwhelming. *See Orndorff v. Lockhart*, 707 F.Supp. 1062, 1070 (E.D.Ark.1988). It is not insignificant that he has not come forward with any evidence supporting his assertion of actual innocence. In paragraph fifteen of his petition, he has attempted to articulate another reason why the Court should excuse his failure to raise claims three and four in his prior petition. The only trouble is that his offered excuse is not within the exception recognized by *Cornman.*

On the basis of the foregoing, the Court finds this petition to be, in part, an abuse of the writ because it contains two new claims.

Claims three and four are barred from review pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Respondent also alleges that this petition is a successive petition because it contains two claims which are being raised for the second time, *i.e.*, claims one and two. The Court has reviewed petitioner's first petition and finds that the claims were raised in that petition. Respondent's assertion of a successive petition is therefore not without merit. The Court must determine whether petitioner's inclusion in this petition of two claims he previous raised constitutes a successive petition and therefore bars the Court from considering claims one and two.

■ Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts addresses successive petitions. It permits the Court to dismiss a successive petition if it fails to allege a new claim and the prior determination was on the merits. *See Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The claim may be addressed, though, if the "ends of justice" so require. *Id.* at 17, 83 S.Ct. at 1078.

> For instance, reconsideration is appropriate if the petitioner has shown "change in the law or some other justification for having failed to raise a crucial point or argument in the prior application," [citation omitted], or if there are "new facts or legal developments warranting relitigation of the claim." [Citation omitted.]

In addition, at least one panel of this Circuit has held that in order to relitigate repetitive claims, a petitioner must also make "a colorable showing of factual innocence." [Citations omitted]. A requirement of "factual innocence" supplements rather than supplants the "new factual/legal issues" development. [Citation omitted].

*Byrd v. Delo*, 917 F.2d 1037, 1039–40 (8th Cir.1990).

■ At the outset, the Court finds that petitioner simply cannot make a colorable showing of factual innocence. For this reason, he must show that there are new facts

or legal developments warranting the relitigation of the claims.

In claim one, petitioner alleges that the prosecutor did not disclose that the victim's wife and daughter had been hypnotized prior to trial. He represents that the claim should be addressed a second time because of decisions by the United States Supreme Court to grant certiorari in *O'Neal v. Morris,* 3 F.3d 143 (6th Cir.1993) and *Kyles v. Whitley,* 5 F.3d 806 (5th Cir.1993), "two cases which will have a substantial impact on this case." Petition at 3. Specifically, he alleges:

> In *O'Neal v. Morris,* [citation omitted], the Court (on April 4, 1994) agreed to decide whether the State or the defense has the burden of proving that a constitutional error is harmless. In this case, the petitioners were clearly required to bear the burden of proving the "hypnosis error" was harmful. The appellate court held that they did not bear that burden. It is quite easy to see that if the Supreme Court decides *O'Neal* in favor of the State bearing the burden of proof in harmless analysis, these petitioners would be entitled to have the hypnosis error decided under a completely different burden of proof. The State would be required to show the error was harmless. To execute these inmates now, may very well be to admit they have been executed after an invalid review.

> The Supreme Court also granted certiorari in *Kyles v. Whitley,* [citation omitted], on April 25, 1994, to decide whether the intentional withholding of information concerning an informant is constitutionally permissible. As in *O'Neal,* if the Supreme Court holds that such withholding of information is not permissible, these petitioners will be long since executed under [an] invalid review.

> Both of the above decisions were rendered after the Petitioner herein filed his Petition for Writ of Certiorari with the United States Supreme Court. The Petitioner presented this issue to the Supreme Court in a Petition for Review. Both the Petition for Writ of Certiorari and the Petition for Review were denied. *Therefore, the case at bar has never been ad-*

*dressed on the merits as to these matters by any court.*

Petition at 3–4 [emphasis in original].

The Court is not familiar with either *O'Neal* or *Kyles.* The Court accepts, for purposes of this Memorandum Opinion and Order, that petitioner's articulation of the issues on appeal in those cases is accurate. Are the issues raised in those cases new legal developments warranting the relitigation of this claim? The Court thinks not. Assuming, *arguendo,* that the United States Supreme Court resolves the issues in those cases in a manner favorable to petitioner, the Court is not persuaded that the cases represent new legal developments which were previously unavailable to him. He has not demonstrated that he was prevented from pursuing these new legal theories by some impediment external to the defense or that the theories are so novel that he could not have anticipated their development. In fact, the contrary is true; he could have raised these legal issues at any time in his first petition.

In claim two, petitioner takes the position that his right to "individualized, discretionary sentencing procedures" was violated as were his rights to due process, equal protection, and effective assistance of counsel because he has been "represented jointly throughout the entire process." His construction of this claim is not a model of skillful draftsmanship. He is apparently attempting to challenge the trial court's refusal to sever his case from that of his co-defendants.

As the Court has previously noted, this claim was raised in his first petition. Petitioner has not shown that there are new facts or legal developments warranting the relitigation of this claim.

On the basis of the foregoing, the Court finds that claims one and two have been previously addressed. Because the first petition was resolved on the merits, and because the ends of justice do not require that the claims be addressed a second time, the Court finds that this petition is, in part, a successive petition. Claims one and two are barred from review pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

In conclusion, petitioner has advanced no persuasive reason why the Court should now consider claims three and four. They were available to him on the day he filed his first petition in federal court. In addition, the Court will not reconsider claims one or two. The Court did grant relief on claim one, *i.e.,* the claim of hypnosis, believing it to be the proper remedy for violating his constitutional rights. The Court of Appeals determined otherwise, as is certainly its prerogative. Nevertheless, he has failed to come forward with a persuasive reason for reconsidering the claim.

Respondent's motion to dismiss is granted. The petition is dismissed; judgment will be entered for respondent.

IT IS SO ORDERED.