**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 95-1277NI

_____

Robert McNeese,                         *
                                        *
            Appellant,                  *      Appeal from the United States
                                        *      District Court for the Northern
      v.                                *      District of Iowa.
                                        *
United States of America,               *            [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted: March 13, 1997
Filed: June 12, 1997

_____

Before FAGG and HEANEY, Circuit Judges, and NANGLE,[*] District Judge.

_____

PER CURIAM.

Robert McNeese appeals the district court's dismissal of his second 28 U.S.C. § 2255 motion. We affirm.

In 1988, McNeese pleaded guilty to bank robbery. See 18 U.S.C. § 2113(a) (1988). Although McNeese told the grand jury investigating the robbery that he acted alone, McNeese wrote some letters to the prosecutor shortly before he was sentenced and offered to inform on two of his robbery partners. After the prosecutor promised

_____

[*]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

not to charge McNeese with perjury for lying to the grand jury, McNeese gave a detailed statement explaining how his partners helped plan and carry out the bank robbery. Despite McNeese's belated efforts to implicate his partners, the district court granted the prosecutor's request for an obstruction of justice enhancement to McNeese's sentencing range. Instead of appealing his sentence, McNeese filed a § 2255 motion contending he received ineffective assistance of counsel. The district court denied McNeese's first motion for postconviction relief on the merits in 1991. About a year later, McNeese filed a second § 2255 motion contending his attorney provided ineffective assistance based on a new theory that his attorney had a conflict of interest. Specifically, McNeese asserts his attorney was paid to give bad advice by one of his unindicted robbery partners.

Because McNeese failed to raise the conflict of interest issue in his first § 2255 proceeding, the district court properly dismissed McNeese's second § 2255 motion as an abuse of the writ. See Peltier v. Henman, 997 F.2d 461, 472-73 (8th Cir. 1993). On appeal, McNeese contends he has shown cause to excuse his abusive motion. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). We disagree. Although McNeese believes his presentencing letters alerted the prosecutor to his attorney's possible conflict, McNeese has not pointed to any governmental conduct that prevented him from raising the conflict issue in his first § 2255 motion. See McCleskey, 499 U.S. at 497-98. As for McNeese's duress claim, we agree with the district court's assessment that there had not been a credible threat to McNeese or his family for several years. Last, McNeese's attempt to establish cause by relying on the fact he filed his first § 2255 motion pro se is foreclosed by our opinion in Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). In short, we believe McNeese could and should have asserted the attorney's potential conflict in his first § 2255 proceeding. See Peltier, 997 F.2d at 473.

We thus affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.