**James Robert COOK, Appellant,**

**v.**

**A.L. LOCKHART, Director Arkansas Department of Correction, Appellee.**

No. 88–2705.

United States Court of Appeals, Eighth Circuit.

Submitted June 1, 1989.

Decided June 20, 1989.

Rehearing Denied Sept. 19, 1989.

Janie W. McFarlin, Little Rock, Ark., for appellant.

David Eberhard, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

**1.** The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas.

**2.** The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

PER CURIAM.

James Robert Cook, an Arkansas prisoner, appeals from the final order of the district court[1] for the Eastern District of Arkansas dismissing his petition for a writ of habeas corpus. The district court concluded that Cook's claims were barred because they either had been decided against him in his previous habeas action or should have been raised therein. We affirm.

Cook's 1983 convictions, as an habitual offender, for kidnapping and aggravated robbery, and 1984 conviction, as an habitual offender, for a different kidnapping were affirmed by the Arkansas Supreme Court in *Cook v. State*, 283 Ark. 246, 675 S.W.2d 366 (1984), and *Cook v. State*, 284 Ark. 333, 681 S.W.2d 378 (1984) respectively. It is undisputed that Cook exhausted available state court remedies.

With the assistance of appointed counsel, Cook then filed a petition for federal habeas corpus relief claiming (1) the Arkansas kidnapping statute was vague and overbroad on its face and as applied; (2) insufficient evidence in both cases to convict him; (3) prosecutorial misconduct in holding a pretrial conference with a state witness; (4) ineffective assistance of counsel in failing to inquire into this pretrial conference, to object to the admission into evidence of a pistol, and to cross-examine adequately the victim of the 1984 kidnapping; and (5) the trial court unduly restricted counsel's closing argument.

The district court[2] adopting the magistrate's[3] fifteen-page report and recommendation submitted following an evidentiary hearing, denied relief, and denied Cook's subsequent application for a certificate of probable cause. This court also denied Cook's application and dismissed his appeal as frivolous. *Cook v. Lockhart*, No. 87–2294 (8th Cir. Oct. 12, 1987) (order).

On May 18, 1988, Cook filed the instant pro se petition for a writ of habeas corpus, claiming he was denied the right to testify

**3.** The Honorable Henry L. Jones, Jr., United States Magistrate for the Eastern District of Arkansas.

in his own behalf in the second criminal case, he had ineffective assistance of counsel in both cases, the state erred in trying him as an habitual offender based on a felony conviction which was more than ten years old and the prosecutor improperly informed the jury of this prior conviction, there was insufficient evidence in both cases to convict him, and the prosecutor withheld valuable information from the defense. In response to the state's motion to dismiss the petition under Rule 9(b) of the Rules Governing Section 2254 Cases as a successive petition and an abuse of the writ, Cook asserted his innocence of the 1984 kidnapping, claiming that the arresting detectives took his bus ticket stub which showed that he was on a bus when the crime took place. He stated that he informed his attorney of this and brought the matter to the attention of the trial court and state supreme court, but that the claim went unanswered. Cook reasserted the claims raised in his pro se petition and requested appointment of counsel.

In response to the district court's order requiring Cook to explain why his petition should not be barred as a successive petition under Rule 9(b), Cook argued that the district court did not properly address all the claims raised in the first petition, and that after the first petition was filed he obtained information supporting his claim that the pistol should have been suppressed.

The magistrate, applying the guidelines set forth in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), and *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986), dismissed the ineffective-assistance and insufficiency-of-the-evidence claims on the grounds that they had been determined on the merits adversely to Cook in his prior habeas case and the "ends of justice" did not warrant reexamining these claims. The court dismissed the habitual offender and old-felony-conviction claims on the ground that Cook offered no plausible explanation for failing to assert them in his first petition. The magistrate denied Cook's pending motion for appointment of counsel. This appeal followed. Cook, represented by counsel, argues that the ends

of justice would be served by requiring the district court to reconsider his previously-raised claims in light of his alibi evidence (the bus ticket stub). He also argues he was not afforded an opportunity to demonstrate why there was not an abuse of the writ.

■ Upon careful review of the record we conclude that the district court did not abuse its discretion in dismissing Cook's present petition. Disagreement with a previous habeas court does not justify re-assertion of a rejected claim; to warrant consideration of a claim raised for the first time in a successive petition, the petitioner must show the claim "is based on facts or legal theories of which he had no knowledge when prosecuting his prior habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158, 159 (8th Cir.1988). Although Cook makes the conclusory assertion that he has new information relevant to the ineffective assistance claim based on the admission of the pistol, this claim was not raised in the instant petition. Cook asserts no other facts or law unknown at the time of the first petition. Although a petitioner must be given a reasonable opportunity to prove he has not abused the writ, he need not necessarily be provided with an evidentiary hearing on the matter. *Messimer v. Lockhart,* 822 F.2d 43, 44 (8th Cir.1987) (per curiam).

Accordingly, we affirm.