Billy Lee **WILLIAMS**, Appellant,

v.

Michael **GROOSE**, Appellee.

No. 92–2064.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1992.

Decided Nov. 23, 1992.

Eric W. Butts, St. Louis, Mo., argued, for appellant.

Stephen D. Hawk, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Billy Lee Williams, a Missouri prisoner, appeals the district court's [1] dismissal of his fifth petition under 28 U.S.C. § 2254 as an abuse of the writ. We affirm.

In July 1983, Williams was convicted by a jury of burglary in the second degree and sentenced to an enhanced twelve-year term of imprisonment due to his status as a persistent offender. In May 1991, Williams filed this habeas petition alleging that he was illegally detained without a warrant; that the state unlawfully obtained evidence during that detention; and that the trial judge improperly sentenced him. According to the petition, Williams had unsuccessfully asserted very similar claims in a motion for state postconviction relief pursuant to Mo.R.Crim.P. 27.26. Williams also requested that counsel be appointed to represent him because of his mental illness and lack of knowledge of the law.

Responding to the district court's show-cause order, the State asserted in August 1991 that the petition should be dismissed as an abuse of the writ. According to the State, Williams filed his first habeas petition in 1985 and obtained review on the merits. The State further asserted that in 1986, 1989, and 1990, Williams filed three more habeas petitions, the last of which was ruled an abuse of the writ.[2]

Williams subsequently filed a copy of the State's involuntary commitment petition, pursuant to which he was admitted in July 1991 for ninety days treatment at Fulton State Hospital (Fulton), and a letter from him while at Fulton stating that he did not have access to a law library and requesting that counsel should be appointed. He also filed several letters after he was returned to Jefferson City Correctional Center (JCCC), asserting that his mental condition should excuse his failure to file these claims earlier, that his counsel rendered ineffective assistance at trial and on direct appeal, and that the testimony of his co-defendant would have proven his factual innocence. In addition, Williams filed a copy of his medical records for 1981 through 1983, and sought appointment of an expert to review them and evaluate his mental condition at the time he filed his prior petitions. The district court obtained from St. Joseph State Hospital Williams's psychological records from 1974 to 1988.

The court denied Williams's habeas petition as an abuse of the writ. It also denied his request for counsel, and dismissed his motion for appointment of an expert as moot. The court found that Williams's first habeas petition was denied on the merits; that the second was denied because it raised the same grounds as the first; and that the third and fourth were denied as abuses of the writ. The court found that Williams's "ability to present certain claims in the earlier proceedings despite his alleged incompetency is inconsistent with his contention that he was unable to present

---

**1.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

**2.** Although the prior petitions are not included in the record on appeal, Williams concedes that his present petition raises claims not previously raised under section 2254.

these claims because of incompetency." The court concluded that Williams failed to establish cause for his failure to include the present grounds in his prior petitions. The court also concluded that Williams made "no effort to demonstrate innocence."

On appeal, Williams argues that the district court erred by failing to appoint counsel below; that a hearing on the merits of his claims was required for him to prove ineffective assistance of state trial counsel;[3] and that the district court erred when it dismissed his habeas petition for failing to show "cause" because (1) his inability earlier to assert these claims was due to the external cause of his "ongoing mental condition and treatment," (2) he was "borderline literate and unable to adequately present his claims" below, and (3) he was "denied the services of counsel."

■ We review a trial court's denial of the request to appoint counsel under the abuse-of-discretion standard. *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981).

> [T]he district court must decide ... whether the nature of the litigation will make the appointment of counsel of benefit to the litigant and the court.... Several factors should influence the court's decision, including the pro se litigant's ability to investigate facts and present claims and the complexity of the factual and legal issues.

*Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir.1990) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir.1986)). We conclude that the district court did not abuse its discretion in denying Williams's request for appointed counsel. Williams's petition indicates he had the benefit of counsel during his criminal trial, his direct appeal, and his Rule 27.26 motion. The claims contained in this petition are substantially similar to those Williams admits he raised in his Rule 27.26 motion. An examination of the pro se pleadings indicates that they are well drafted; Williams

was aware of the issues present; and he made the court aware of those issues. *See Glass v. Higgins*, 959 F.2d 88, 90 (8th Cir. 1992) (pro se pleadings were "well drafted and artfully present[ed] the issues"). Moreover, Williams has failed to present any evidence that appointed counsel would have benefitted him or the court.

■ We also use the abuse-of-discretion standard to review a dismissal for abuse of the writ. *See Cook v. Lockhart*, 878 F.2d 220, 222 (8th Cir.1989) (per curiam); *Williams v. Lockhart*, 862 F.2d 155, 159 (8th Cir.1988). "A prisoner abuses the writ of habeas corpus by attempting to assert 'grounds for relief ... [that] were available but not relied [upon] in an earlier [habeas] petition.'" *Cornman v. Armontrout*, 959 F.2d 727, 728 (8th Cir.1992) (quoting *Olds v. Armontrout*, 919 F.2d 1331, 1332 (8th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1692, 114 L.Ed.2d 86 (1991)). Once the government pleads an abuse of the writ, "the burden shifts to the petitioner to show cause for failing to include the delinquent claims in the earlier writ and also to show actual prejudice resulting from the newly alleged errors[, ... or to] 'show that a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Cornman*, 959 F.2d at 729 (quoting *McCleskey v. Zant*, — U.S. —, —, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991)).

■ We agree that Williams failed to meet his burden of proof. First, Williams "asserts no other facts or law unknown at the time of the first petition." *Cook*, 878 F.2d at 222. The claims contained in Williams's fifth habeas petition are substantially similar to those raised in his Rule 27.26 motion. *See McCleskey*, — U.S. at —, 111 S.Ct. at 1472 (petitioner must conduct "reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition"); *Williams v. Lockhart*, 862 F.2d at 158–59 (petitioner must show claim "is based on facts or legal theories of

**3.** Appointed appellate counsel interprets Williams's present claims to assert ineffective

assistance of trial counsel.

which he had no knowledge when prosecuting his prior habeas petition").

Second, as the district court found, Williams failed to show that his mental problems prevented him from presenting these claims before now: he did not establish that he was suffering from a mental illness at the time he filed each of his previous habeas petitions. *See Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) ("cause ... must be something external to the petitioner, something that cannot fairly be attributed to him"); *Stanley v. Lockhart,* 941 F.2d 707, 709–10 (8th Cir.1991) (petitioner must present conclusive evidence of mental disease, disorder, or defect). Likewise, borderline literacy and denial of counsel do not excuse Williams's failure to raise these claims in his earlier petitions. *See Stanley,* 941 F.2d at 710 (pro se status and limited education do not constitute cause); *Cornman,* 959 F.2d at 730 (no constitutional right to counsel in habeas proceedings).

Third, the court's failure to consider these claims would not result in a fundamental miscarriage of justice, because Williams has failed to produce any evidence that would tend to prove his innocence. *See McCleskey,* —— U.S. at ——, 111 S.Ct. at 1470 (miscarriage-of-justice exception applies in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime").

Consequently, the district court properly declined to conduct a hearing on the merits of Williams's claims, because he failed to show that he had not abused the writ.

Accordingly, we affirm.