989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Loyd Wayne TINCHER, Appellant,
v.
Leland BOATWRIGHT; Sheriff of Jasper County; Bill Pierce;
Don Drury; Jasper County, Commissioners; Danny
Hensley; Bob Capps; Earl Campbell, Appellees.
 No. 92-2307.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 25, 1993.
Filed: March 17, 1993.
 
 Before JOHN R. GIBSON, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Loyd Wayne Tincher, a Missouri inmate previously detained at the Jasper County, Missouri, jail, appeals from the district court's[1] judgment for the county, its commissioners, and its jail officials following a bench trial in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In his amended complaint, Tincher alleged that during his jail confinement from June 1988 through June 1989, the conditions in the Jasper County Jail were unconstitutional. Tincher alleged that defendants denied him adequate medical treatment for his numerous skin sores that he believed were caused by asbestos in his mattress, and that he was subjected to airborne asbestos, inadequate ventilation, extreme temperatures, a filthy and vermin-infested cell, and other unsanitary conditions. He also claimed that defendants did not provide an adequate grievance procedure or adequate access to legal materials. He requested appointment of counsel.
 
 
 3
 The district court denied Tincher's request, stating that he had no statutory or constitutional right to appointed counsel. The court added that his limited education and lack of funds were insufficient factors to conclude that both the court and Tincher would benefit by the appointment. The court stated that, when considering appointment of counsel, it must evaluate the factual complexity of the case, the ability of Tincher to investigate the facts, the existence of conflicting testimony, the ability of Tincher to present his claims, and the complexity of the legal issues, citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The court determined that Tincher's complaint presented straightforward questions of fact rather than complex legal issues.
 
 
 4
 Tincher subsequently undertook discovery and moved for counsel several more times, arguing that his only source of legal advice was from inmate law clerks and that he had only limited access to the prison library. He asserted that he needed counsel to depose defendants' witnesses. The court denied the motions, stating that Tincher could obtain relevant discovery materials through interrogatories and requests for production of documents. Tincher filed witness and exhibit lists.
 
 
 5
 At trial both parties stipulated that a former jail inmate Tincher had requested as a witness would have testified that Tincher had sores while he was confined in the jail and that sanitation, ventilation, lighting, and food at the jail were inadequate. Tincher testified that he developed sores within three months of entering the jail; the sores were caused by asbestos which leaked form his mattress; a dermatologist had a biopsy taken of one of the sores; police confiscated his fan following an attempted escape at the jail; because of a lack of space, he was forced to listen to religious music; and lighting in the jail was inadequate.
 
 
 6
 On cross-examination, Tincher admitted that he had seen the jail's doctor and a dermatologist for his skin condition several times. He testified that, while defendants did not provide salt baths as prescribed, they did supply all prescribed medications for his sores. He also testified that defendants provided cleaning materials to prisoners daily, sprayed for bugs and vermin approximately once a month, and provided sleeping bags and heaters in winter. Tincher admitted that he had no medical record establishing that his skin condition was caused by asbestos in the mattress provided by the jail. Defendants did not offer any evidence.
 
 
 7
 The district court entered judgment for defendants, finding that Tincher failed to prove that any damages he suffered were caused by jail conditions or his care while he was an inmate in the jail. Tincher now argues only that the district court abused its discretion by not appointing counsel. He contends that, without counsel, he was unable to procure witnesses and documents necessary to prove his allegations.
 
 
 8
 The district court did not abuse its discretion by not appointing counsel for Tincher. See Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam) (standard of review). Tincher had no statutory or constitutional right to have counsel appointed in this civil case. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). The district court indicated that it had evaluated each of the factors enunciated in Johnson, and, after careful review of the record, we find that Tincher capably presented his claims, undertook discovery, and testified at trial. Tincher does not specify what evidence counsel could have obtained, how it would have proven his claim, or why he was unable to procure it.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri