**Tommie Warren OVERSTREET, Appellant,**

v.

**Paul D. CASPARI, Superintendent, M.E.C.C.; William L. Webster, Missouri Attorney General, Appellees.**

No. 93–1316.

United States Court of Appeals, Eighth Circuit.

Submitted July 13, 1993.

Decided July 20, 1993.

---

Curtis L. Blood, Collinsville, IL, argued, for appellant.

Frank A. Jung, Jefferson City, MO, argued, for appellees.

Before McMILLIAN, HANSEN, MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Tommie W. Overstreet appeals the district court's[1] dismissal of his second 28 U.S.C. § 2254 petition as an abuse of the writ. We affirm.

In 1984, a jury found Overstreet guilty of receiving stolen property; he was sentenced as a persistent offender to a fifteen-year prison term. In a separate trial, a jury found Overstreet guilty of stealing and second degree robbery; he was sentenced as a persistent offender to consecutive prison terms of thirty and fifteen years. The Missouri Court of Appeals affirmed the convic-

tions. *State v. Overstreet,* 694 S.W.2d 491, 496 (Mo.Ct.App.1985) (stealing and robbery); *State v. Overstreet,* 689 S.W.2d 100 (Mo.Ct. App.1985) (per curiam) (receiving stolen property).

In November 1987, Overstreet filed his first section 2254 petition, challenging his stealing and robbery convictions; the petition was denied. *Overstreet v. Trickey,* No. 87–2083–C–4 (E.D.Mo. August 26, 1988) (order). This court dismissed the appeal as frivolous. *Overstreet v. Trickey,* No. 88–2360 (8th Cir. Nov. 3, 1988) (unpublished order).

In November 1990, Overstreet filed this section 2254 petition alleging that he was sentenced in violation of the *ex post facto* clause, that he was penalized for exercising his Sixth Amendment right to a trial, and that he was denied effective assistance of counsel at sentencing. It is undisputed this habeas petition raises claims that were not raised in Overstreet's first habeas petition. The district court dismissed the petition as an abuse of the writ.

■ We conclude that the district court did not thereby abuse its discretion. *See Williams v. Groose,* 979 F.2d 1335, 1337 (8th Cir.1992) (per curiam) (standard of review). A prisoner abuses the writ by attempting to assert "grounds for relief ... [that] were available but not relied [upon] in an earlier [habeas] petition." *Olds v. Armontrout,* 919 F.2d 1331, 1332 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1692, 114 L.Ed.2d 86 (1991). Overstreet failed to show cause and actual prejudice to excuse his abuse of the writ. *See Williams,* 979 F.2d at 1337. He " 'assert[ed] no other facts or law unknown at the time of the first petition.' " *Id.* (quoting *Cook v. Lockhart,* 878 F.2d 220, 222 (8th Cir.1989) (per curiam)). The record clearly reflects that Overstreet knew of each of the alleged errors prior to the filing of his first habeas petition, and he has cited no intervening changes in the law. In addition, the court's failure to consider these claims would not result in a fundamental miscar-

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Carol E. Jackson, then United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge for the Eastern District of Missouri.

riage of justice, because Overstreet failed to produce any evidence that would tend to prove his innocence. *See McCleskey v. Zant*, 499 U.S. 467, ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (miscarriage-of-justice exception applies in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime").

Accordingly, we affirm.