12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Mackel Earl EVANS, Appellant.
 No. 93-2555.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 3, 1993.
Filed: December 9, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mackel Earl Evans appeals the district court's[1] denial of his second 28 U.S.C. Sec. 2255 motion as an abuse of the writ. We affirm.
 
 
 2
 District Judge Waters sentenced Evans to 235 months imprisonment after Evans pleaded guilty to manufacturing methamphetamine, in violation of 18 Sec. U.S.C. 841(a)(1). We affirmed. United States v. Evans, 891 F.2d 686 (8th Cir. 1989), cert. denied, 495 U.S. 931 (1990). In August 1990, Evans pro se filed a section 2255 motion contesting his confinement. Judge Waters recused himself. Evans's section 2255 motion was denied, and we affirmed. Evans v. United States, 977 F.2d 586 (8th Cir. 1992) (per curiam) (unpublished). In March 1993, Evans pro se filed a second section 2255 motion, claiming that his sentence was illegal because section 841(a)(1) has no penalty provision; that the government failed to comply with the plea agreement when it introduced evidence at sentencing; and that the sentencing court failed to abide by Federal Rule of Criminal Procedure 32(c)(3)(D). The government raised abuse of the writ, and Evans filed an affidavit to show cause for his failure to include his present claims in his first section 2255 motion. Judge Waters adopted the magistrate judge's[2] report and denied Evans's second section 2255 motion as an abuse of the writ. Evans timely appealed.
 
 
 3
 Evans argues that Judge Waters, having recused himself from consideration of Evans's first section 2255 motion, was biased and should not have participated in the disposition of the second motion. We need not address this issue because our review convinces us that any error would at most be harmless. See In re School Asbestos Litigation, 977 F.2d 764, 786 (3d Cir. 1992) (failure to disqualify may be harmless error when court of appeals will later review ruling on plenary basis).
 
 
 4
 Evans contends that the district court erred in finding an abuse of the writ and in not proceeding to the merits. A prisoner abuses the writ of habeas corpus by asserting claims for relief that were available but not raised in a previous petition. Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam). As the government properly raised the issue, Evans's motion had to be dismissed for abuse of the writ unless he established external cause and prejudice. See McCleskey v. Zant, 111 S. Ct. 1454, 1470 (1991); United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1993) (same standards apply to section 2254 petitions and section 2255 motions). To satisfy the cause requirement, the petitioner must show some objective external factor hindered his or her efforts. Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). Even if the petitioner cannot establish cause, the failure to present the claims in a previous petition is excusable if the petitioner can show that a fundamental miscarriage of justice would result from not considering the claims. McCleskey, 111 S. Ct. at 1470. A fundamental miscarriage of justice exists when a constitutional violation probably resulted in the conviction of an actually innocent person. Cornman, 959 F.2d at 730.
 
 
 5
 Evans did not meet his burden of establishing cause. The grounds Evans raised in his second section 2255 motion are all based on facts that were in existence when Evans pursued his first motion. See Peltier v. Henman, 997 F.2d 461, 474 (8th Cir. 1993); Williams, 979 F.2d at 1337. Evans's assertion that belatedly-received transcripts-of proceedings at which he was present-brought new issues to light does not constitute cause: " [o]mission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim." McCleskey, 111 S. Ct. at 1472. In addition, Evans did not establish that a fundamental miscarriage of justice would result if his claims were not considered on the merits, because he has not produced any evidence tending to prove his innocence. See Williams, 979 F.2d at 1338. Evans's second section 2255 motion was properly dismissed as an abuse of the writ.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Judge for the Western District of Arkansas
 
 
 [2]
 The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas