21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Taisto Rivera DEMUNIZ, Petitioner-Appellant,
v.
OREGON PAROLE BOARD, Respondent-Appellee.
 No. 93-35896.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taisto Rivera Demuniz appeals the district court's denial of his habeas petition challenging the Oregon Board of Parole's failure to inform him of his right to appeal the Board's decision regarding his release date. We have jurisdiction of the timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 On May 7, 1987, Demuniz was convicted of attempted murder and assault in the first degree under the name of Rohn Derrick Dorsey. He received an indeterminate sentence of imprisonment for a period not to exceed 10 years, with a requirement that he serve a minimum of 48 months before becoming eligible for parole.
 
 
 4
 On June 25, 1991, Demuniz sought federal habeas corpus relief under the name of Rolando Dorsey Gomez. The petition did not challenge the underlying conviction. Instead, the petition challenged the September 1987 decision of the Oregon State Board of Parole regarding the length of incarceration on the sentence imposed. In addition, the petition challenged the parole board's alleged failure to notify Demuniz of his right to appeal that decision. The claim was phrased as follows:
 
 EFFECTIVE DENIAL OF MY RIGHT TO APPEAL
 
 5
 The Parole Board failed to give me proper notice, either on, or off the record, and the Parole board was aware of my limited comprehension, both Legal as well as Secular. The Court of Appeals specifically ruled that habeas corpus jurisdiction exists where proper notice of the right to appeal a parole board decision had not been given. Munson v. Maass, OrApp 322 (1987).
 
 
 6
 On January 3, 1992, the district court dismissed the petition. The claim entitled "effective denial of my right to appeal" was rejected as moot. The court found that the only colorable complaint about the Parole Board's action was its imposition of the 48-month minimum sentence. However, Demuniz had already served 48 months at the time of the petition.
 
 
 7
 On November 2, 1992, petitioner, now known as Taisto Rivera Demuniz, filed this petition for habeas corpus in the district court. The sole ground for relief is:
 
 
 8
 Confinement violates Due Process Clause under Fifth & Fourteenth Amendment to the U.S. Const.
 
 
 9
 the Parole board Board sets all prisoners release Dates the board set petitioners release Dates on or about Sept 17, 1987 but failed to avise petitioner on or off the record of his rights to appeal their Adverse Decision thus denying petitioner his statutory right to appeal. Petitioner would have appealed had he known of he had a right to do so.
 
 
 10
 On August 12, 1993, the district court dismissed Demuniz's petition. The court found that the claim Demuniz raised was substantially identical to the claim raised in the prior petition and, therefore, constituted an improper successive petition under 28 U.S.C. Sec. 2244(b) and Rule 9(b). In addition, the court found that even if the petition were not substantially similar to the prior petition, it should be dismissed as procedurally defaulted because Demuniz had failed to show cause and prejudice that would excuse his failure to raise it in the previous petition.
 
 II.
 
 11
 We review for abuse of discretion the denial of a petition for habeas corpus on the ground that it is successive or abusive. Sanders v. United States, 373 U.S. 1, 18-19 (1963); Neuschafer v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988), cert. denied, 493 U.S. 906 (1989).
 
 
 12
 Is the Petition Successive?
 
 
 13
 The district court first concluded that Demuniz's claim was "substantially identical to the claim raised in Gomez v. Maass [U.S.D.C. No.-91-658-JO]. Therefore, the petition in this case constitutes an improper successive petition under 28 U.S.C. Sec. 2244(b) and Rule 9(b)."
 
 
 14
 A petition is successive and may be dismissed if it raises no grounds for relief that are new or different from the claims raised in an earlier petition, and the claims have been previously decided on the merits. Rule 9, Rules Governing Section 2254 Cases, 28 U.S.C. fol. Sec. 2254; Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992); Campbell v. Blodgett, 997 F.2d 512, 515-16 (9th Cir.1992).
 
 
 15
 The district court erred in its conclusion that petitioner's claim is substantially similar to the claim raised in the first habeas petition and therefore successive. In the first petition, Demuniz challenged the Oregon Board of Parole's failure to advise him of his right to appeal its decision not to override the trial court's sentence which required him to serve a minimum of 48 months. That petition was found to be moot because Demuniz had already served 48 months.
 
 
 16
 In contrast, in the second petition, Demuniz challenges the Oregon Board of Parole's failure to advise him of his right to appeal its decision regarding his release date. Although both claims relate back to the parole board's alleged failure to inform Demuniz of his right to appeal, the claims concern different decisions made by the board. If Demuniz had raised the claim regarding his right to appeal his release date in his first petition, the first petition would not have been dismissed as moot. Demuniz had not yet been released.
 
 
 17
 Demuniz's claim in the second habeas petition is new and different from the claims raised in his earlier petition. There has been no decision on the merits relating to Demuniz's claim. It is not a successive petition. Sanders v. United States, 373 U.S. at 16.
 
 
 18
 Is the Petition an Abuse of the Writ?
 
 
 19
 The district court also held that, assuming arguendo that Demuniz's petition was not successive, it constituted an abuse of the writ and therefore was not reviewable on the merits. The court based its holding on the fact that 1) ignorance of law or procedure does not constitute cause for failure to raise a claim in a prior proceeding; and 2) there was no potential for a miscarriage of justice because no claim of actual innocence was made.
 
 
 20
 A second petition for habeas corpus relief is procedurally barred if "new and different grounds are alleged, [and] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Rule 9(b), Rules Governing Section 2254 cases, 28 U.S.C. fol. Sec. 2254 (1982). A petitioner may abuse the writ by raising a claim in a second or subsequent petition for habeas corpus that he could have raised in the first petition. McCleskey v. Zant, 499 U.S. 467, 488 (1991). The government bears the burden on pleading abuse of the writ. Id. at 494.
 
 
 21
 The government may meet this burden by noting the petitioner's prior writ history, identifying the claims that appear for the first time, and alleging abuse of the writ. Id. The burden then shifts to the petitioner to disprove abuse of the writ, which can be done only by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting therefrom. Id.; Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1991), cert. denied, 112 S.Ct. 1275 (1992).
 
 
 22
 The cause and prejudice analysis applied in abuse of the writ cases is the same as that applied in cases involving procedural default. McCleskey, 499 U.S. at 494. A petitioner who cannot show cause may nevertheless be excused if the court's failure to hear the claim would result in a fundamental miscarriage of justice. Id.; Harris, 949 F.2d at 1511-12.
 
 
 23
 As was established above, Demuniz's second petition differed substantially from his first. The state pleaded abuse of the writ in the answer to the instant petition. Therefore, the state has met its burden by stating that the claims raised in Demuniz's instant petition were not raised in his earlier petition and noting Demuniz's writ history. McCleskey, 499 U.S. at 494.
 
 
 24
 Demuniz argues that he has cause for failing to raise his new claim in his earlier petition. Specifically, Demuniz alleges that he drafted both writs and he is "unlearned in the law" and "not legally trained." Ignorance of the law on the part of a pro se petitioner does not establish cause. Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). See also Williams v. Groose, 979 F.2d 1335, 1338 (8th Cir.1992); Cornman v. Armontrout, 959 F.2d 727, 730 (8th Cir.1992). Therefore, Demuniz has not shown cause for failing to raise his new claims in his first petition.
 
 
 25
 Demuniz also argues that the district court's failure to reach the merits of his new claim would result in a fundamental miscarriage of justice. Our review of the record convinces us that the failure to reach the merits of Demuniz's petition will not result in a fundamental miscarriage of justice. McCleskey, 499 U.S. at 494; Harris, 949 F.2d at 1511-12. As the district court noted, Demuniz does not claim that the alleged "constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey, 499 U.S. at 494.
 
 
 26
 Although the district court erred in its analysis of the successive petition question, that error was rendered irrelevant in light of its analysis on the abuse of the writ question. Accordingly, the district court did not abuse its discretion in dismissing Demuniz's instant 28 U.S.C. Sec. 2254 petition for writ of habeas corpus.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3