John Henry NACHTIGALL, Appellant,

v.

Joseph CLASS, Warden, South Dakota State Penitentiary, Appellee.

No. 94–1943.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1994.

Decided March 1, 1995.

Michael Steven Simpkins, Sioux Falls, SD, for appellant.

Frank E. Geaghan, Asst. Atty. Gen., Pierre, SD, for appellee.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

MAGILL, Circuit Judge.

John Henry Nachtigall appeals the district court's[1] dismissal of his third petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because we find that the district court did not abuse its discretion in dismissing the petition, we affirm.

## I. BACKGROUND

In 1984, Nachtigall was charged in state court with sexual contact with a child under fifteen and photographing a child involved in obscene acts. The charges concerned photographs of Nachtigall and his girlfriend's three-year-old daughter in a variety of sexual poses. After being prevailed upon by the trial court to accept counsel, he initially entered pleas of not guilty and not guilty by reason of mental illness, but, after psychiatric examination, changed his plea to guilty but mentally ill. At the plea hearing, Nachtigall admitted that he was the male in each of the photographs and that he had been the photographer. He had also stated to the trial court that "this [charge] I do admit to and obviously, I got a problem." Mem. and Order, No. CIV 87–4120 (D.S.D. Dec. 4, 1987). The trial court informed Nachtigall of the consequences of his plea and of the possible penalties.

Nachtigall's plea of guilty but mentally ill was entered, and as a habitual offender, he was sentenced to two twenty-five-year terms of incarceration to run concurrently.

After unsuccessful state postconviction proceedings, Nachtigall filed his first federal petition for habeas in 1987 in forma pauperis under 28 U.S.C. § 1915(d). It included nine claims for relief, two of which had not been exhausted in state proceedings. At Nachtigall's request, the court deleted the unexhausted claims with Nachtigall's assurance that he understood those claims to be procedurally barred in any future proceedings. The court examined the remaining seven claims,[2] dismissing them on the merits in a detailed memorandum and order. The record shows no request for counsel by Nachtigall, and the dismissal was not appealed.

Nachtigall filed his second federal petition in 1990, also in forma pauperis. It included twelve claims for relief, nine of which alleged the same grounds as those dismissed on the merits in 1987, one of which was deleted as unexhausted in 1987, and two of which had not been raised in 1987. The court dismissed the nine successive claims under Rule 9(b) of the Rules Governing § 2254 Cases, and the remaining three claims as abusive. In addition, the court found that the two new claims[3] were frivolous, and alternatively dismissed them under 28 U.S.C. § 1915(d). Again, the record does not show that Nachtigall requested counsel, and the dismissal was not appealed.

Finally, in 1994, Nachtigall brought the habeas petition from which this appeal arises, also in forma pauperis. He brought sixteen claims, nine of which were claims that had been brought in the first two petitions, and seven of which were new. The court dismissed the nine successive claims, and also dismissed the seven new claims,[4] finding that

---

1. The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

2. Nachtigall's confession was involuntary and induced without Miranda warnings; the charges were based on illegal evidence; counsel was ineffective; to be found guilty but mentally ill violates due process; the habitual offender statute violates double jeopardy; he was not permitted to testify regarding the invalidity of his prior convictions; and he was denied the right to appeal or withdraw his plea.

3. The two crimes charged were the same, and the state's attorney was overzealous.

4. Nachtigall was subject to unlawful arrest; DNA testing would have exonerated him; the sentencing judge was biased; the sentence was illegal or harsh; there was no evidence of a crime; he was forced by others to mail the photographs to the penitentiary where he was an inmate; and he

they were abusive. From the record before us, Nachtigall appears to have requested counsel for this third habeas petition, and his request apparently was denied. Nachtigall appeals, arguing that the district court should have appointed counsel.

## II. DISCUSSION

Although Nachtigall presents his claim as a single argument, for purposes of clarity we break it down into two issues: (1) whether Nachtigall's pro se status combined with his plea of guilty but mentally ill constitutes "cause" for bringing successive and abusive claims in his third habeas petition, and (2) whether the district court abused its discretion when it did not appoint counsel in Nachtigall's third petition.

### A. Successive and Abusive Claims

■ We review the district court's dismissal of Nachtigall's petition for abuse of discretion. *Williams v. Groose,* 979 F.2d 1335, 1337 (8th Cir.1992); *Cook v. Lockhart,* 878 F.2d 220, 222 (8th Cir.1989).

■ "A district court can dismiss as successive a habeas petition asserting identical grounds for relief raised and decided adversely on the merits in an earlier petition." *Olds v. Armontrout,* 919 F.2d 1331, 1332 (8th Cir.1990) (citing *Sanders v. United States,* 373 U.S. 1, 15–17, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963)), *cert. denied,* 500 U.S. 908, 111 S.Ct. 1692, 114 L.Ed.2d 86 (1991). Rewording claims that are substantively identical does not circumvent dismissal. *See id.* "A district court can dismiss as abusive a habeas petition asserting new and different grounds for relief if the grounds were available but not relied on in an earlier petition." *Id.* (citing *Kuhlmann v. Wilson,* 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986) (plurality)).

Each claim brought by Nachtigall in his third federal habeas petition is facially either successive or abusive. Of the sixteen claims presented, eight were brought in both of Nachtigall's previous habeas petitions, disposed of on the merits in the first dismissal, and dismissed as successive in the second.[5] One had been brought for the first time in the second petition, and was dismissed by that court both as abusive, because it was not presented in the first petition, and as frivolous, warranting dismissal under § 1915(b). The district court found that the remaining seven claims were abusive, not having been presented in the previous two petitions.

■ District courts, however, may address petitions presenting successive or abusive claims if petitioner shows "cause and prejudice." *Schlup v. Delo,* —— U.S. ——, ——, 115 S.Ct. 851, 863, 130 L.Ed.2d 808 (1995) (citing *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). In general, to show cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts" in raising the claims earlier. *Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir.1992) (emphasis omitted) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46; 91 L.Ed.2d 397 (1986)). This standard applies equally to habeas petitions presented pro se. *Id.; see also Vasquez v. Lockhart,* 867 F.2d 1056, 1058 (8th Cir.1988), *cert. denied,* 490 U.S. 1100, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989); *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir.1988).

■ To show cause in the context of successive or abusive claims, petitioner must show that the claims are "based on facts or legal theories of which he had no knowledge when prosecuting his prior habeas petition." *Cook,* 878 F.2d at 222 (quoting *Williams v.*

---

was not permitted to withdraw his plea or his confession.

5. The successive claims are listed as seven separate claims in the memorandum and order issued in the first habeas petition, and as nine in the memorandum and order in the second. We note that in the first petition, right to appeal and right to withdraw plea claims are grouped under a single heading number: in the second, they are split under two headings. In the first petition,

involuntary confession, Miranda violation, and "illegal evidence" are grouped under two headings: in the second, they are split into four. One claim, that the habitual offender statute violates due process, appears in the first petition and not in the second. Thus, although the grouping of the claims is different, nine of the claims in the second petition rest on identical grounds as six of the seven claims brought in the first.

*Lockhart,* 862 F.2d 155, 158–59 (8th Cir. 1988)).

The claims were available at the time of the previous petitions: Nachtigall presented no facts unknown to him earlier, either to support resubmission of the successive claims or to show why he did not earlier bring the abusive claims, nor has he made any showing that the claims rest on legal theories unknown to him at the time of the earlier petition aside from a general statement that he did not know he could raise the abusive claims and that his attorney would not allow him to raise them. Nachtigall brought both of the previous petitions pro se, and therefore must be referring to his counsel for state habeas proceedings. The reasonable inference from Nachtigall's statement is not that he was unaware of these claims, but that he presented them to counsel, and counsel told him that he could not raise them because they were frivolous. Following the competent advice of counsel does not constitute cause.

Two of the seven claims treated by the district court as abusive, unlawful arrest and right to withdraw confession and plea, appear to us to be successive, having been raised in both of the previous petitions. However the claims are characterized, it is apparent that Nachtigall was aware of them when presenting the previous petitions. The remaining five claims have no basis in law or fact, and the district court could alternatively have dismissed them as frivolous under § 1915(b). The district court therefore found that the sixteen claims presented were all either successive or abusive, and that no cause was shown.

■ Nachtigall argues that his pro se status in combination with his plea of mental illness constitutes cause, and thus that the district court erred in finding no cause.[6] We disagree.

In *Williams v. Groose,* 979 F.2d 1335 (8th Cir.1992), we addressed a similar issue. The district court had denied Williams' request for appointed counsel and dismissed his fifth

habeas petition as an abuse of the writ. *Id.* at 1336. On appeal, Williams argued that the district court erred in finding no cause because "(1) his inability earlier to assert these claims was due to the external cause of his 'ongoing mental condition and treatment,' (2) he was 'borderline literate and unable to adequately present his claims' below, and (3) he was 'denied the services of counsel.' " *Id.* at 1337. We found that cause had not been shown, despite the fact that Williams had been involuntarily committed for treatment for mental illness less than two months after filing his final habeas petition, because he had not established "that he was suffering from a mental illness at the time he filed each of his previous habeas petitions." *Id.* at 1338. Williams' pro se status also did not constitute cause. *Id.* Also similar to the instant case is *Phelps v. U.S. Federal Government,* 15 F.3d 735 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2118, 128 L.Ed.2d 676 (1994), in which petitioner had been found not guilty by reason of insanity and committed to a federal medical center. *Id.* at 737. We found that the district court did not abuse its discretion in dismissing Phelps' third habeas petition as an abuse of the writ because, despite Phelps' adjudication of insanity, there was "no inference that Phelps was unable to understand the legal proceedings in which he was participating." *Id.* at 738.

Nachtigall's argument for cause is virtually identical to that rejected in *Groose* and *Phelps.* Nachtigall, Williams and Phelps, at some point in the proceedings against them, had each been shown to have some form of mental illness. Like Williams, however, Nachtigall has offered no evidence that he was suffering from a mental illness at the time he filed the two previous petitions, and, like both Williams and Phelps, has made no showing that the mental illness underlying his plea was of a type that would affect his ability to bring his claims, or that he was unable to understand the proceedings. Indeed, Nachtigall's examining psychiatrists' diagnoses are conspicuously absent from the record before us; the logical inference from

---

**6.** This claim could also be found abusive, because it was not raised or appealed in the first two petitions. We nevertheless address it: This

argument for cause can equally apply to itself, leading us into a circle unless the issue is addressed.

the record is that the mental illness suffered by Nachtigall is directly related to his repeated episodes involving sexual contact with minors, and has no bearing on his ability to pursue his legal claims. Nachtigall's first two habeas petitions are not in the record before us, but he appears to have been able to bring a variety of legal theories before the court: The memoranda and orders dismissing these petitions each address several arguments, which, while not successful, appear to have been coherently presented to the court and carefully considered by the court. The third petition is before us, and it coherently expresses Nachtigall's many claims in a well-organized fashion. *See Phelps,* 15 F.3d at 738 (competence of petitioner indicated by capability to argue issues in earlier habeas petitions).

■ A conclusive showing of incompetence is required before mental illness can constitute cause. *Stanley v. Lockhart,* 941 F.2d 707, 709 (8th Cir.1991) (in context of procedural bar). In the analogous context of procedural bars arising from failure to pursue state postconviction remedies, "[a] defendant is competent ... if he is not suffering from a mental disease, disorder, or defect that may substantially affect his capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation." *Anderson v. White,* 32 F.3d 320, 321 (8th Cir.1994) (citing *Rees v. Peyton,* 384 U.S. 312, 314, 86 S.Ct. 1505, 1506–07, 16 L.Ed.2d 583 (1966) (per curiam)); *cf. Godinez v. Moran,* — U.S. —, —– —, 113 S.Ct. 2680, 2686–87, 125 L.Ed.2d 321 (1993) (standard of competence to waive right to counsel and to plead guilty no higher than standard of competence to stand trial). Nachtigall relies entirely on his plea, offering no further showing of incompetence at the time he filed his two previous petitions. Mental illness and legal incompetence are not identical, nor are all mentally ill people legally incompetent. Although some showing of mental illness was made at the time of his conviction, Nachtigall has not made any showing that, at the time of his petitions, he was unable to appreciate his position or to make a rational choice regarding his claims. The requirement of a specific showing of incompetence is consistent with our treat-

ment of other personal disabilities as cause. *See Cornman,* 959 F.2d at 729 (pro se status and below-average I.Q. do not constitute cause); *Vasquez,* 867 F.2d at 1058 (pro se status and lack of familiarity with the American language and court system do not constitute cause in procedural bar context); *Anderson,* 32 F.3d at 321–22 (posttraumatic stress syndrome does not constitute cause in procedural bar context).

■ Because Nachtigall has made no showing that he was incompetent to present his claims at the time he brought his two first petitions, we find that the district court did not abuse its discretion in finding that he had not shown cause for his successive and abusive claims.

■ If no cause and prejudice is shown, a very narrow equitable exception exists for a petitioner who can make a showing, based on new evidence, that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup,* — U.S. at —, 115 S.Ct. at 864 (quoting *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986)). Nachtigall has made no such showing, aside from an unsupported statement of innocence, and we find that the district court did not abuse its discretion in dismissing Nachtigall's petition as an abuse of the writ.

### B. Appointment of Counsel

■ There is no right to counsel on habeas review. *See Phelps,* 15 F.3d at 737 (citing *Cornman,* 959 F.2d at 730). Nevertheless, "an indigent pro se litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary." *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir.1986) (quoting *Reynolds v. Foree,* 771 F.2d 1179, 1181 (8th Cir.1985) (per curiam)). The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel. *See id.* Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability

of an indigent to present his claim; and the complexity of the legal issues. *Id.*

 Despite the quantity of issues presented by Nachtigall in his petition, we do not find them to be either factually or legally complex. As discussed *supra*, all issues presented in this petition are clearly either successive or abusive. Regarding the abusive claims, there is no conflicting testimony presented, and Nachtigall has presented no evidence indicating that his factual allegations warrant further investigation or that he does not have the ability to investigate facts further. The single factor that may weigh in Nachtigall's favor, and on which he relies, is his ability to present his claim.

Nachtigall has not shown that he is unable to present his claims. He was represented by three different counsel throughout his state proceedings, including habeas proceedings, and states that counsel advised him not to bring the claims he brings in this petition. While his pro se petition is not of the professional quality one would expect of counsel, it presents the issues adequately and does not appear to be less coherent than most pro se petitions. The district court's clear and well-organized presentation of the issues in its memorandum and order indicates that the court was well able to extract the claims presented by Nachtigall from his petition and determine whether they had previously been presented or could previously have been presented on federal habeas. There is no evidence that either Nachtigall or the court would benefit from the appointment of counsel. *See Phelps,* 15 F.3d at 737 (that petitioner was not guilty by reason of insanity and committed to federal medical facility merely a factor in determining if appointed counsel would benefit petitioner and court); *Groose,* 979 F.2d at 1335 (finding that petitioner who had been involuntarily committed was able to present his claims and was not entitled to appointed counsel).

We therefore find that the district court did not abuse its discretion in not appointing counsel for Nachtigall's third federal habeas petition.

### III. CONCLUSION

For the above reasons, we affirm the district court's dismissal of Nachtigall's petition for a writ of habeas corpus.