_____

No. 95-3293

_____

Charles L. Dillon,                      *
                                        *
          Appellant,                    *  Appeal from the United States
                                        *  District Court for the
     v.                                 *  District of Nebraska.
                                        *
Frank X. Hopkins,                       *            [UNPUBLISHED]
                                        *
          Appellee.                     *


_____

               Submitted:  July 17, 1996

                  Filed:  August 2, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Charles L. Dillon, a Nebraska inmate, appeals from the district
court's[1] denial of his 28 U.S.C. § 2254 habeas petition.  Dillon pleaded
no contest to one count of first degree sexual assault and was sentenced
to a term of sixteen to forty-nine years in prison.  The district court
denied Dillon's first federal habeas petition filed in 1992, in which
Dillon challenged his sentence on due process grounds, alleging an
affidavit used in his pre-sentence report was later recanted.  In this
habeas petition, Dillon claimed his conviction was based on a void
judgment, he was arrested without probable cause, and he was subjected to
malicious prosecution.

_____

     [1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska, adopting the report and
recommendation of the Honorable David L. Piester, United States
Magistrate Judge for the District of Nebraska.

The district court concluded Dillon may have abused the writ by not raising his claims in his first habeas petition, and allowed him to submit additional pleadings explaining why his petition should not be dismissed. In response, Dillon stated that in June 1994, he had obtained "newly discovered evidence" showing the state court lacked jurisdiction to bind him over for a preliminary hearing. Dillon alleged generally that material records were withheld. Dillon further argued he could not previously raise his claims of unconstitutional arrest, detention, search, and conviction because the pertinent events were not documented in the state court record. The district court concluded Dillon failed to show cause and prejudice to excuse his abuse of the writ, and denied Dillon's petition.

Reviewing for abuse of discretion, we find dismissal of Dillon's petition was proper because he failed to show cause excusing his failure to include his new claims in his first petition. See Nachtigall v. Class, 48 F.3d 1076, 1079 (8th Cir. 1995) (standard of review); Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam). Dillon's claims--that his conviction is invalid because he was subjected to unauthorized arrest, detention, search, and conviction--are such that the discovery of any documents withheld by officials, even if true, would not provide Dillon with otherwise unavailable information giving rise to new claims; rather, at best it would enhance his ability to prove his claims. See McCleskey v. Zant, 499 U.S. 467, 498 (1991) ("[i]f what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant"). Furthermore, we agree with the district court that a finding of cause is precluded by Dillon's failure to plead any facts in support of his claims that officials withheld documents. See id. at 497 (cause requires showing of external impediment preventing petitioner from raising claim).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.