# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1724WM

_____

Sidney Lyles, III                                    *
                                                     * On Appeal from the United
        Appellant,                          * States District Court
    v.                                          * for the Western District
                                                     * of Missouri.
Curators of the University of Missouri,               *
                                                     * [Not to be Published]
        Appellee.                           *

_____

Submitted:  November 22, 1999

Filed:  December 29, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Sidney Lyles, III, a black man, appeals the District Court's[1] adverse grant of summary judgment and the subsequent denial of his Federal Rule of Civil Procedure 59(e) motion in his employment discrimination action.  We affirm.

_____

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

Beginning in August 1991, Lyles worked part-time as a graduate assistant in the recreation department at the University of Missouri while he pursued a master's degree. In June 1992, the University advertised a vacancy for Facility Advisor, noting that the position required a bachelor's degree and that experience in personnel and facility management was preferred. Brian Ledbetter, the University employee who supervised the hiring, advertised the position in a mailing to a professional association as bachelor's degree "required" and master's degree "preferred." Lyles, who held a bachelor's degree in Park and Recreation Leadership and had more than ten years' work experience in the recreation field, applied. Ledbetter screened Lyles out of the applicant pool, however, because he did not have a master's degree and lacked computer skills. The position was ultimately filled by a white applicant.

In November 1994, Lyles brought this action pro se against the University, alleging discrimination on the basis of his race on a number of grounds. Lyles claimed the University had used a master's-degree-preferred hiring criterion to screen him out of the applicant pool and denied him the position when he had been performing its duties.

The University moved for summary judgment, and Lyles opposed summary judgment pro se, after his appointed counsel was permitted to withdraw. The District Court granted the University's motion, finding among other things that there was no evidence showing the recreation department had improperly considered race. Instead, it had based its decision on Lyles's lack of a master's degree, a criterion uniformly applied to all the candidates. The University had articulated a legitimate, nondiscriminatory reason for not hiring him: the person hired had better computer skills. Lyles then filed a Rule 59(e) motion, which the District Court denied.

On appeal, Lyles argues only (1) the University's assertion that he was disqualified because he lacked computer skills was an affirmative defense which had to be raised in the University's answer; (2) the District Court unfairly permitted his

appointed counsel to withdraw and refused to appoint new counsel; and (3) the Court terminated his right to self-representation without affording him an opportunity to contest such termination. He has moved to suspend the proceedings until we decide the affirmative-defense issue, and he also has moved for an investigation into the University's "questionable conduct" and for leave to file a third amended complaint.

Our review is limited to those issues Lyles has raised and argued in his brief. See United States v. Darden, 70 F.3d 1507, 1549 n.18 (8th Cir. 1995) (generally, appellants must raise and brief all issues in their opening brief), cert. denied, 517 U.S. 1149, and cert. denied, 518 U.S. 1026 (1996); see also Fed. R. App. P. 28(a) (appellant's brief should state issues and summarize arguments for review). We reject Lyles's argument that the University was required to plead his lack of computer skills as an affirmative defense. Under the Federal Rules of Civil Procedure, a party must set forth affirmatively the following defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. See Fed. R. Civ. P. 8(c). The University properly offered Lyles's alleged computer deficiencies not as an affirmative defense, but as a legitimate, nondiscriminatory reason for not hiring him. See Ryther v. KARE 11, 108 F.3d 832, 836 (8th Cir.) (en banc) (explaining prima facie elements of and shifting burdens in Title VII cases), cert. denied, 521 U.S. 1119 (1997).

We also reject Lyles's argument that the District Court erred in permitting his counsel to withdraw and not appointing substitute counsel. We conclude the District Court did not abuse its discretion in doing either. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (standard of review); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995) (relevant factors in appointing counsel).

Last, Lyles's argument that the District Court terminated his right to self-representation seems to be based on the following. After Lyles appealed the grant of summary judgment to the University, he filed six motions in the District Court to obtain relief from the judgment. The Court denied the motions because of the pending appeal and warned him not to file any more motions in the District Court. Lyles filed a separate notice of appeal from the denial of the post-judgment motions, it was docketed in this court as No. 98-3062, and we affirmed the denial of post-judgment relief on November 25, 1998. We find the District Court's admonition did not terminate Lyles's right to self-representation, but rather properly informed him that he should no longer file motions in the District Court after filing a notice of appeal. See Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998) (filing of notice of appeal generally divests district court of jurisdiction), cert. denied, 119 S. Ct. 801 (1999).

Accordingly, we affirm.

We deny Lyles's pending motions on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-