228 F.3d 933 (8th Cir. 2000)
 SCOTT PETER ZENANKO, APPELLANT,
v.
GOTHRIEL LAFLEUR; JAMES BRUTON; TOM DOWDLE; JESSICA FREER; SHELLY REISS; TRUDY FLACKEY; CRAIG OSELAND; MARK MANCINI; RICHARD BLACKMER; HELENE HAWORTH, APPELLEES.
 No. 99-1528
 U.S. Court of Appeals, Eighth Circuit
 Submitted: April 6, 2000
Filed: June 15, 2000
 
 Appeal from the United States District Court for the District of Minnesota
 Before McMILLIAN, Hansen, and Morris Sheppard Arnold, Circuit Judges.
 Per Curiam.
 
 
 1
 Scott Peter Zenanko, a Minnesota prisoner, appeals from the final judgment entered in the District Court[1] for the District of Minnesota granting summary judgment to appellees in his 42 U.S.C. § 1983 action. Zenanko claimed appellees--all prison officials--violated his right of access to the courts by enforcing an allowable-property policy and a property-exchange policy. For reversal, he argues the district court erred in (1) granting summary judgment to appellees because the policies were not based on legitimate penological interests or were exaggerated responses to legitimate interests, and (2) denying his motion for appointment of counsel. He also moves to strike a portion of appellees' brief, claiming it raises new issues. We deny this motion.
 
 
 2
 After a thorough review of the record and the parties' briefs, we conclude that summary judgment was proper: assuming without deciding that Zenanko showed the requisite "actual injury" from enforcement of each policy, see Lewis v. Casey, 518 U.S. 343, 349-51 (1996), we conclude both policies were reasonably related to the legitimate penological interests of safety and security, see Turner v. Safley, 482 U.S. 78, 89-91 (1987). We find no abuse of discretion in the denial of appellant's motion for appointment of counsel. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995). Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.
 
 
 
 3
 MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring.
 
 
 4
 I concur in the result that the court reaches in this case, but not in the court's reasoning. I would hold that because Mr. Zenanko had alternative means available to him to gain access to the courts, he cannot show actual injury to his constitutional rights. This way of resolving the matter is, it seems to me, preferable, because it does not involve the need to weigh Mr. Zenanko's rights against countervailing "interests" of the government. That is not a road that I think we should travel down, if we ever should, in circumstances in which it is not necessary to do so